IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBIN ELIZABETH THOMAS                                                    PLAINTIFF

      v.                             CIVIL NO. 12-5149

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robin Elizabeth Thomas, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed her current application for DIB on August 18, 2009, alleging an inability to work since August 1, 2009, due to herniated discs in her neck, low back problems, right shoulder problems, and a narrowing of a nerve pathway in the back. (Tr. 128, 175). An administrative hearing was held on August 24, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 35-68).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated March 17, 2011, the ALJ found that during the month of October of 2009, and December of 2009, Plaintiff performed substantial gainful activity. The ALJ determined that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar/cervical spine, a rotator cuff tear of the right shoulder status post right shoulder arthroscopic surgery, fibromyalgia, and hypothyroidism. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant would be precluded from overhead reaching with the right upper extremity. In addition, she can engage in only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a charge account clerk, an addressing clerk, a production and assembly worker, a compact assembler, and a shoe buckler and lacer. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on June 13, 2012. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in the analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in finding that Plaintiff retained the RFC to perform less than a full range of sedentary work; and 4) the ALJ failed to fully and fairly develop the record.

#### A.   Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 16). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 18). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record revealed that during the relevant time period, Plaintiff was able to take help take care of her child; to work part-time; to slowly take care of her personal needs; to prepare simple meals; to slowly do household chores; to drive alone; to shop with her husband; to talk on the phone; and to attend church once a week. (Tr. 275-282). The medical evidence also revealed that Plaintiff was responding to chiropractic

treatment and that she reported to Larry Weeks, DC., that she was able to ride her bike for the first time in almost a year in June of 2010. (Tr. 411). Plaintiff also felt well enough in July of 2010 to go on a seven hour trip over a weekend. (Tr. 416).

With regard to Plaintiff's alleged depression, it is noteworthy that Plaintiff did not allege a disabling mental impairment in her application for benefits. See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed). The record also failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Therefore, although it is clear that Plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Neither the medical evidence nor the reports concerning her daily activities support Plaintiff's contention of total disability. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of

AO72A
(Rev. 8/82)

her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations. The ALJ also discussed the medical opinions of treating, examining, and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted).

A review of the medical evidence revealed that in October of 2009, consultative examiner Dr. Ted Honghiran opined that Plaintiff would be able to perform part-time work only. (Tr. 335). However, as pointed out by the ALJ, in November of 2009, and February of 2010, after reviewing all of the medical evidence including Dr. Honghiran's assessment, Dr. Jim Takach and

AO72A
(Rev. 8/82)

Dr. David L. Hicks, both non-examining medical consultants, opined that Plaintiff could perform light work. (Tr. 341, 354). The non-examining consultants opinions are consistent with Plaintiff's treating physician's, Dr. Larry D. Tuttle, treatment notes. The Court would note that on August 5, 2010, Plaintiff was seen by Dr. Tuttle for a wellness exam. (Tr. 429). At that time, a Review of Systems indicated Plaintiff had no fatigue, no vision changes or headaches, no gastrointestinal pain, no joint pain or swelling, no weakness, and a normal gait. Upon examination, Dr. Tuttle noted that Plaintiff's extremities appeared normal.

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D.  Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### E.  Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the

vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a charge account clerk, an addressing clerk, a production and assembly worker, a compact assembler, and a shoe buckler and lacer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 23rd day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)